### JOHNSON v. SULLIVAN.

(Court of Civil Appeals of Texas. Austin. Feb. 4, 1914. Rehearing Denied March 4, 1914.)

1. APPEAL AND ERROR (§ 926*) — PRESUMPTIONS—BURDEN OF PROVING ERROR.

It is presumed that the trial court's ruling was correct, so that appellant must show the contrary.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1279, 2899, 3729, 3730, 3735–3747; Dec. Dig. § 926.*]

2. ADVERSE POSSESSION (§ 60*)—SUFFICIENCY OF POSSESSION—POSSESSION BY TENANT.

Defendant's husband, before his death in 1905, claimed the lot in controversy, and defendant claims title by warranty deed, dated September 7, 1906, and continues possession thereunder to the date of this suit, March 4, 1913, with payment of taxes for each consecutive year. In 1906 defendant's tenant at will inclosed the lot and continuously used it adversely up to the time of suit. Held, that defendant had title to the lot by limitation.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 282–312, 323, 328; Dec. Dig. § 60.*]

3. ADVERSE POSSESSION (§ 19*)—SUFFICIENCY OF POSSESSION—INCLOSURE OF LOT.

The fact that a lot, claimed by adverse possession, was inclosed generally with other lots and not inclosed separately would not prevent it from being claimed by adverse possession.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 99–105; Dec. Dig. § 19.*]

Appeal from District Court, Tom Green County; J. W. Timmins, Judge.

Suit by Dan Sullivan against Bertha Johnson. From a judgment for plaintiff, defendant appeals. Reversed and rendered.

J. T. Thomson, of San Angelo, for appellant. James P. Dumas, of San Angelo, for appellee.

RICE, J. This suit was brought by appellee against appellant in trespass to try title for lot 18 in block 5, main town of San Angelo. Appellant relied for defense on a plea of not guilty, and the statute of five years' limitation. The case was tried before the court without a jury, who rendered judgment in favor of appellee, from which judgment this appeal is prosecuted.

There are but two assignments of error which will be necessary to consider. The first relates to the ruling of the court on the admission of a deed offered in evidence by appellee, and the second assails the finding of the court holding that appellant's plea of limitation was not supported by the evidence. On the trial appellee offered in evidence a deed from G. H. Sherwood to Bart J. Dewitt, signed by G. Schleicher, attorney in fact for G. H. Sherwood, but acknowledged by J. S. Schleicher. This was objected to on the ground that the acknowledgment was insufficient. The court, however, after an inspection of the deed, admitted it in evidence. There is nothing in the bill of exceptions negativing the fact that the deed may have been on record for a period of ten years before any adverse claim was asserted to the lot by appellant, which, if true, would authorize its admission, notwithstanding the defective acknowledgment.

[1] The presumption of law is that the ruling of the court is correct, and it devolves upon appellant to show the contrary. Lindly v. Lindly, 102 Tex. 135, 113 S. W. 750; I. & G. N. R. R. Co. v. Smith (Sup.) 14 S. W. 642; McEachin Ency. Dig. vol. 1, pp. 747, 748. The bill failing to negative the fact that the deed may have been on record for a sufficient period of time to authorize and warrant its admission in evidence under the act of 1907 passed by the Thirtieth Legislature (chapter 165, p. 308; R. S. 1911, art. 3700), it must be presumed that the ruling of the court was justified on this ground; for which reason the first assignment is overruled.

[2] We have carefully examined the evidence, and have arrived at the conclusion that appellant's third assignment, assailing the judgment on the ground that the court erred in failing to sustain her plea of limitation, is well taken. The suit was filed on the 4th of March, 1913; and the evidence shows that her husband, prior to his death in 1905, claimed the lot, and she asserts title thereto by warranty deed, duly recorded on the 7th of September, 1906, and continuous possession thereunder from said time to date of suit, with the payment of taxes for each consecutive year. It appears that the lot was inclosed some time in 1906 by the Colored Benevolent Association, who, under the evidence, must be regarded as appellant's tenant at will, and was continuously used by it in such manner and for such purposes as would show an actual adverse use of the lot by it; for which reason we think

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

the court erred in holding that appellant had failed to show title by limitation. See Richards v. Smith, 67 Tex. 610, 4 S. W. 572; McDow v. Rabb, 56 Tex. 160; Angel on Limitation, 395, and notes.

[3] It was immaterial that the lot was not separately inclosed, since there was a general inclosure, even though other lots were embraced therein. Smith v. Kenney, 54 S. W. 801; Cunningham v. Mathews, 57 S. W. 1115. Nor was it material to show that the lot was actually occupied by appellant herself; the occupancy and use thereof by a tenant is sufficient.

In view of the disposition we have made of the case, it will be unnecessary to consider the remaining assignments. Believing that the court erred in failing to sustain appellant's plea of limitation, it becomes our duty to reverse the judgment of the court below, and here render the same in her behalf, which is accordingly done.

Reversed and rendered.